## TEXAS BUILDING & MORTGAGE CO. v. SCHILLER.

### No. 10839.

Court of Civil Appeals of Texas. Galveston.

May 25, 1939.

Abe Levy, of Houston, for appellant.

C. C. Glenn, of Sealy, for appellee.

CODY, Justice.

This suit was brought by appellee against appellant, a corporation, in the county court of Austin County, on an oral contract for services in promoting its business at Sealy, of "purchasing, selling its capital stock, subdividing real estate, erecting buildings, accumulating and lending money, and the construction of small homes for its clientele." The services which appellee rendered were principally—almost entirely—that of selling, and aiding in making of sales of preferred stock in appellant company. It was the contention of appellant at the trial that in making sales of its securities, appellee was acting as the salesman of D. F. Miller. In substantiation of this contention, appellant proved without dispute that appellee had acquired through D. F. Miller, who was duly registered and licensed as a dealer in securities under the Texas Securities Act of 1935, a salesman registration certificate, which showed that he had been appointed by D. F. Miller. D. F. Miller was president of appellant, but was dealing in appellant's securities as a "dealer". The undisputed proof showed that appellee made all his reports to D. F. Miller, "dealer", on blanks furnished him for that purpose; and further showed that he received payments from D. F. Miller, and not from appellant.

The evidence of appellee tended to prove that he had made his contract to sell the securities of appellant with D. F. Miller, purporting to act as the president of appellant in the making of such contract. If appellee is not mistaken in his evidence, then his contract is in violation of the Securities Act of 1935 (article 600a, Vernon's Ann.Civ.St.); and to the extent that it contemplated sales of appellant's securities it is illegal and void. It may be that appellee can, if he stands by his theory of the transaction (i. e., that he contracted with appellant through D. F. Miller to sell its securities), by amendment separate the compensation which he was to be paid for his services other than selling appellant's securities. Or it may be that he will conclude that he made such a contract as he could lawfully make—for it is no doubt easy for appellee, who appears not to be a learned man, to have become confused as to which capacity Miller acted in when hiring appellee to sell the securities. Miller very stoutly maintains that it was in his capacity as "dealer" that he employed appellee, and the charity of the law is such that it tends to accept Miller's version as being the only way the transaction could be a lawful one. However, in deference to the judgment of the learned trial court, it may be that appellant did make his contract to sell the securities with appellant. But if this should be found to be so upon another trial, it is hardly necessary to add that no recovery against appellant can be awarded on a contract to sell its securities contrary to law.

The judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.